Repobt oe Committee.
March 6 th, 1811.
Mr. Sargeant, from the committee on privileges aud elections, to whom were referred the memorial documents aud papers relative to the claim of Richard Connor to a seat in this House as a member from the county of Richmond, reported as follows, to wit: •
. That they have given the testimony submitted to their consideration a full examination. They find such contradictory testimony as ' to the legal conduct of the inspectors of'the town of "Westfield, and in oilier towns in the said county. They have not, therefore, considered themselves warranted in giving a decisive opinion on these subjects.
As to another subject of complaint, however, your committee deem it their duty to report the following facts. It appears by the official certificate of the late clerk of the said county (in which he particularly set forth the returns of the respective towns in said county of the last annual election held therein for members of Assembly, as the same remains of record) that James Gruyon, Jr., had, in the town of Westfield, forty-nine votes,, and Richard Connor had one hundred and twenty-one votes. The return of this town is contested.
By the act regulating elections, passed the 24th day of March, *30 1801, the inspectors having canvassed the votes shall set down the names of every candidate, with the number of votes given to each in words at full length, and shall certify the same, and shall deliver such certificate to the clerk of the county, to be by him entered oí record. That immediately after subscribing such certificate or statement the inspectors shall destroy the poll books and ballots. It is concluded that that part of the inspectors duty was performed.
There is no evidence other than what has been stated that any of the inspectors kept any tally or account of the canvass whatever.
It manifestly appears to your committee that the certificate was made out and delivered to the clerk before the pretended mistake was discovered, and that such discovery was made on the memory of persons who were not ■officially connected with the board. Tour committee do not, under all the circumstances af the case, hesitate to give it as their decided opinion that to admit the legality of the ' second return would be introducing a principle (which if not against law) is at once loose and dangerous to a fair and impartial administration of tfie rights of suffrage. They think, therefore, that the prayer of the petitioner ought not to be granted.
Ordered, That the said report, together with the memorial and documents relating thereto, be referred to a committee of the whole House.
Assembly Journal, 1811, pages 204, 205, 206.
For testimony see Assembly Journal, 1811, pages 204, 205.
For further proceedings, see Assembly Journal, 1811, pages 28& and 294. \
COMMITTEE OF THE WHOLE.
March 21st, 1811.
The House resolved itself into a committee of the whole on the report of the committee of privileges and elections, on the memorial of Richard Connor,-and after some time spent thereon, Mr. Speaker resumed the chair, and Mr. Huntington, from the said committee, reported that in proceeding on the said report, Mr. Grosvenor made a motion that the committee should non concur in the said report.
That debates were had thereon, and the question being put, it-passed in the negative.
That Mr. Baker then made a motion that the committee should concur in the said report, which he was directed to the House, and he *31 read the report in his place and delivered the same in, at the table, where it was again read and agreed to by the Honse; thereupon,
RlCHARD CONNOR AWARDED THE SEAT.
Resolved, That this House do concur in the said report of the committee of privileges and elections.
Assembly Journal, 1811, pages 299, 300.